### WEBBER v. FIRST NAT. BANK IN BARTLESVILLE et al.

No. 17719. Opinion Filed Sept. 27, 1927.

Rehearing Denied Nov. 8, 1927.

(Syllabus.)

**Appeal and Error—Questions of Fact—Conclusiveness of Findings of Court.**

Where a case is tried to the court without the aid of a jury, the court's finding of

facts will be given the same weight as the verdict of a jury, and will not be set aside if there is any evidence reasonably tending to support it.

Error from District Court, Nowata County; Wayne W. Bayless, Judge.

Action by Levi Webber against the First National Bank in Bartlesville, successor to the Bartlesville National Pank, et al. Judgment for defendants, and plaintiff appeals. Affirmed.

I. P. Keith, for plaintiff in error.

Rowland & Talbott, for defendants in error.

PHELPS, J. The parties occupy the same relative position here as they occupied in the trial court, and will, therefore, be referred to herein as plaintiff and defendants.

Levi Webber, plaintiff, was a Cherokee freedman and the 20 acres of land located in Nowata county, the subject-matter of this lawsuit, was allotted to him as a portion of his allotment as such Cherokee freedman. On December 31, 1906, plaintiff, then being a resident of the state of Nevada, executed a warranty deed covering the land in question to Curtis E. Holderman. On January 22, 1907, Curtis E. Holderman conveyed the same to W. A. Chase. Chase went into possession of the land, paid the taxes, and executed oil and gas leases thereon. The land was developed, and on August 7, 1915, Chase conveyed the land to the Bartlesville National Bank, which afterwards became the First National Bank in Bartlesville, one of the defendants herein. Chase and his grantees, the defendants herein, have remained in continuous possession and occupancy of this land from the time Levi Webber executed his deed to Holderman on December 31, 1906, up to the present time.

It further appears that on March 9, 1914, Webber executed a second deed purporting to convey the same land to H. W. Livingston and A. M. Etchens, and on May 3, 1922 he executed a third deed purporting to convey the land to Evan Jones, and on February 19, 1924, Webber filed his action in the district court of Nowata county alleging that the deed dated December 31, 1906, purporting to convey the land to Curtis E. Holderman, upon which defendants base their title, was false, bogus, spurious, and a forgery, and praying for cancellation thereof, and that his title be quieted, and that he also have judgment for the rentals and royalties thereon.

Defendants answered, denying generally the allegations of plaintiff, pleading both the seven-year statute of limitation under the Arkansas law, as applied to the Indian Territory before statehood, and the 15-year statute of limitation under the Oklahoma law. With the issues thus joined the cause was tried to the court without a jury, resulting in judgment for defendants, and plaintiff prosecutes this appeal.

Several questions are presented in the briefs and arguments, but, as we view it, our duty is both defined and limited by the proposition as to whether there is any evidence reasonably tending to support the judgment of the trial court.

Practically all of the evidence introduced in support of plaintiff's petition was his own testimony. He testified that about December, 1906, or January, 1907, he received a deed sent to him by one George F. Nave, conveying the land in question to Curtis E. Holderman, to which was attached a draft for $400, the purchase price thereof; that he executed the deed and returned it to Nave; that 40 or 50 days thereafter the deed was sent back to him with the draft attached, marked, "Cancelled. Could not buy on account of restrictions," although the records show that this deed was filed for record on January 23, 1907. It appears that he gave the matter no further attention until 1914, when he went to Coffeyville, Kan., and there, according to his testimony, he turned the deed previously executed to Holderman over to A. M. Etchens, but, apparently, as shown by the record, he at that time executed a deed conveying this land to H. W. Livingston and A. M. Etchens.

During the trial of the case, and after plaintiff had testified that he signed and acknowledged the deed which he pleaded to be a forgery, the defendant bank, with permission of the court, amended its answer and pleaded that it was an innocent purchaser for value. Mr. Chase testified that when he bought the land from Holderman he examined the records and found that it had been regularly allotted to Webber and that a deed was on record in Nowata county conveying title to Holderman, and that he purchased the land in good faith upon the strength of Holderman's title as disclosed by the records.

Plaintiff testified that on May 3, 1922, he executed a warranty deed conveying this land to Evan Jones, and it is argued that Webber has no right to maintain this action for the reason that he is not the real party in interest. Webber testified that he entered into a contract with Jones whereby

Jones was to clear the title, pay Webber for the land, and give him a third of the royalty.

It appears that the trial court however, decided the case upon the failure of plaintiff's proof to sustain his allegations rather than upon the grounds of lack of interest or the statute of limitations, and an examination of the record convinces us that in so doing the trial court reached a correct conclusion. Having reached this conclusion, the judgment of the trial court is affirmed.

BRANSON, C. J.. MASON, V. C. J., and LESTER, HUNT, CLARK, and HEFNER, JJ., concur.

HARRISON and RILEY, JJ., absent.

Note.—See 4 C. J. pp. 876, 879 §2853; 2 R. C. L. p. 193; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79; 6 R. C. L. Supp. p. 73.